UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Edward S. Kiel, U.S.D.J. |
| | : | |
| v. | : | |
| | : | Crim. No. 24-528 (ESK) |
| ARTHUR SPITZER, | : | |
| MENDEL DEUTSCH, and | : | |
| JOSHUA FELDBERGER | : | |

**REPLY IN SUPPORT OF MOTION BY THE UNITED STATES TO TAKE DEPOSITION UNDER FEDERAL RULE OF CRIMINAL PROCEDURE 15**

ALINA HABBA
United States Attorney
401 Market Street
Camden, New Jersey 08101
(856) 757-5026

On the Memorandum:
Daniel A. Friedman
Elisa T. Wiygul
Assistant United States Attorneys

The Court should authorize the deposition of a critical fact witness, Individual-6, in advance of trial.  In determining whether to order a Rule 15 deposition, courts consider two things: the materiality of the potential testimony and the unavailability of the witness.  *See United States v. Ismaili*, 828 F.2d 153, 159 (3d Cir. 1987).  Both of these considerations weigh in favor of authorizing the deposition of Individual-6.

Defendants do not dispute that Individual-6's testimony is material to essential elements of several charges in the Indictment.  Nor do they dispute that death or incapacitation from a terminal illness would render a witness unavailable.  In opposing the Government's motion, they make two arguments, both of which are easily defeated.  First, defendants contend that the Government has not provided "independent evidence" of Individual-6's medical condition and prognosis, nor has the Government demonstrated with certainty that his cancer will make him unavailable to testify at trial.  But certainty is not required, and to quash any doubt about the seriousness of Individual-6's illness and prognosis, the Government today supplements the information provided in its motion with the notes of his treating physician, a gastrointestinal oncologist at Memorial Sloan Kettering Cancer Center's Rockefeller Outpatient Pavilion, following an office visit on May 6, 2025.

Second, defendants argue that the interests of justice are not advanced by the taking of a deposition because live testimony is "preferred."  Def. Br. at 4; *see also id.* at 1, 11 (stating "preference" for live testimony in criminal matters).  But the question of live versus deposition testimony is not the question before the Court at this juncture. Rather, the question is allowing the videotaped testimony to be preserved for trial versus potentially no testimony at all.  If Individual-6 is not deposed, and he

1

subsequently is too infirm to testify or passes away before trial, then the jury will not have any opportunity to hear from this relevant and material witness whatsoever. Conversely, if he is deposed and later proves available for trial, then he can testify in person.

The interests of justice are undoubtedly furthered by preserving the testimony of a key witness who likely will be unavailable to testify at trial.

### A. The Government Has Met Its Burden of Showing Individual-6's Unavailability.

The Government has satisfied its burden to show unavailability. While defendants assert that a "conclusory" statement of unavailability does not suffice, the Government's showing in its motion was not conclusory. Rather, it was supported by specific information showing the high likelihood of the witness's unavailability. The Government related the medical diagnosis (stage four metastatic colon cancer that has spread to his liver); the date of diagnosis (spring 2024); the treatment (chemotherapy) and its lack of success; and his prognosis (providing the two-year survival rate at just 37% and the five-year survival rate at 13%). The cases cited by the defendants involved far different circumstances where the moving party provided no reason at all to believe the witness would be unavailable at trial, *see United States v. Gibbs*, Case No. 23CR00035 (MN), 2024 WL 2017609, at *2 (D. Del. May 7, 2024) (the defendant "has given no indication that any of his requested deponents . . . will be unavailable at trial"); *United States v. Varbaro*, 597 F. Supp. 1173, 1181 (S.D.N.Y. 1984), or simply asserted that they were outside the United States with no details why they could not travel to the United States to testify, *see United States v. Chusid*, Case No. 00CR0263, 2000 WL 1449873, at *1 (S.D.N.Y. Sept. 27, 2000). By contrast, here the Government

2

has provided a "specific reason why the witness might not be available." *Varbaro*, 597 F. Supp. at 1181.

There is no requirement that the showing of unavailability be made by affidavit. *See United States v. Drogoul*, 1 F.3d 1546, 1553 (11th Cir. 1993) ("The moving party may demonstrate the probable unavailability of a prospective deponent 'through affidavits or otherwise.'") (quoting *United States v. Alvarez*, 837 F.2d 1024, 1029 (11th Cir. 1988)); *United States v. Konrad*, 1996 WL 735566, at \*1 (N.D. Ga. Nov. 27, 1996) (a showing of unavailability "can be made through the introduction of affidavits, or simply through in-court representations by counsel"). To the extent "independent" evidence is helpful, in the form of medical records or a letter from a physician, the Government now supplements the record with notes of Individual-6's treating oncologist following an office visit less than a month ago, which support the Government's argument that Individual-6 is likely to be unavailable at trial. *See* Ex. A (provided to chambers and counsel redacted and under seal to protect Individual-6's privacy). For instance, the summary states that Individual-6's cancer is "unresectable" (inoperable), "metastatic," and has shown "recent progression." Ex. A at 1. The report documents that "[s]ince January 31, 2025, [there has been an] increase in size and number of hepatic metastases," the cancer has spread to the liver and lungs, and Individual-6 is looking at participating in clinical trials (which tends to indicate that traditional therapies have been unsuccessful). *Id.* at 2. Defendants can no longer complain that Individual-6's unavailability is shown by counsel's assertions alone.

3

The Government need not, as defendants assert, prove with absolute certainty that Individual-6 will die or be incapacitated before trial. Courts regularly authorize Rule 15 depositions of witnesses with terminal illnesses and uncertain prognoses, as even defendants' own cases demonstrate. *See Drogoul*, 1 F.3d at 1552-53 (a prospective witness need only be "unlikely to appear at trial," and a showing of the witness's unavailability "need not be conclusive before a deposition can be taken"); *United States v. Omene*, 143 F.3d 1167, 1170 (9th Cir. 1998) ("Rule 15(a) does not require any conclusive showing of 'unavailability' or 'material testimony' before a deposition can be taken in a criminal case."); *United States v. Karoly*, 2009 WL 1872083, at *2 (E.D. Pa. June 29, 2009) (authorizing Rule 15 deposition because witness with serious health conditions and a history of cancer "*may* be unavailable at trial" (emphasis added)).[1]

Defendants are also wrong to suggest that the Court should analyze unavailability for purposes of Rule 15 by Federal Rule of Evidence 804's standard. Rule 15 explicitly states that "[a]n order authorizing a deposition to be taken under this rule does not determine its admissibility. A party may use all or part of a deposition as provided by the Federal Rules of Evidence." Fed. R. Crim. P. 15(f). To

---

[1] *United States v. Salko*, 2008 WL 4006747, at *20 (M.D. Pa. Aug. 26, 2008), is inapposite because there, the witness's mobility was limited by a temporary condition (a broken foot) and the witness merely had a history of cancer, not active, stage 4, treatment-resistant cancer like Individual-6 does. Indeed, one of the cases that *Salko* distinguishes, *United States v. Schwimmer*, 1987 WL 30635 (E.D.N.Y. Dec. 22, 1987), *granted* the government's motion for a Rule 15 deposition because the witness "recently was gravely ill, and there is *some likelihood* that his health *could take a serious turn* for the worse prior to trial." *Id.* at *1 (emphasis added). This case is an even more compelling case for preserving testimony than *Schwimmer* and, accordingly, the Rule 15 deposition should be granted.

*admit* the deposition at trial, the Government will need to satisfy Rule 804. But "the test [for unavailability under Rule 15] is less stringent [than under Rule 804], inquiring whether 'exceptional circumstances' exist and whether justice would be served by preserving the deposition testimony." *Konrad*, 1996 WL 735566, at *1 (N.D. Ga. Nov. 27, 1996) (citing *Drogoul*, 1 F.3d at 1553); *Karoly*, 2009 WL 1872083, at *3 ("The deposition testimony may be used at trial under F.R.Cr.P. 15(f) if the government shows that Ms. Glisson is unavailable as a witness within the meaning of F.R.E. 804(a)."). Indeed, the existence of many cases analyzing whether a witness who is alive at the time of trial is nevertheless "unavailable" such that previously-taken deposition testimony is admissible, presupposes that a witness who is deposed will not *always* be unavailable at trial.

> **B.   The Interests of Justice Strongly Favor Preserving Individual-6's Testimony by Deposition.**

Second, defendants argue that the interests of justice militate against taking Individual-6's deposition because live testimony is "disfavored." This argument fails, too, because the question before the Court is not whether live testimony is preferable to deposition testimony. The question is whether videotaped deposition testimony of a key witness is better than no testimony at all.

The interests of justice are significantly advanced by preserving the testimony of a key witness so the jury is able to hear it. Rule 15 embodies a recognition that justice is furthered by material testimony even if sometimes that testimony cannot be obtained through live testimony at trial. Rule 15 protects the defendants' confrontation rights by requiring that defendants be permitted to attend the witness's deposition and that their lawyers be permitted to cross examine the witness. While

5

defendants speak of a desire to have the jury observe the witness's demeanor, the deposition will be videotaped—allowing the jury to see the witness answering questions.[2] "The unavailability of a witness with material testimony to give is an exceptional circumstance and the admission of his or her prior deposition does not violate the right of confrontation." *United States v. Coker*, 1992 WL 59156, at *1 n.2 (E.D. Pa. Mar. 18, 1992), *aff'd*, 5 F.3d 1491 (3d Cir. 1993) (citing *United States v. Johnpoll*, 739 F.2d 702, 709–10 (3d Cir. 1984)). Again, the Government merely seeks to *take* Individual-6's deposition to preserve his material testimony for trial, so that it will be available in the event that Individual-6 is infirm by the time of trial or has passed away. If, miraculously, Individual-6 is alive and healthy at the time of trial, then the Court can insist on live testimony and decline to admit his deposition.

---

[2] Moreover, the cases the defendants cite are inapposite. In *United States v. Jones*, 404 F. Supp. 529 (E.D. Pa. 1975), the court *admitted* at trial, over the defendant's Sixth Amendment objection, a reading (not recording) of prior sworn testimony of an unavailable witness. In fact, the very sentence that defendants quote, Def. Br. at 13, goes on to state that "it is nevertheless well settled that [the opportunity of the jury to observe the witness's demeanor] is not an essential ingredient of the confrontation privilege."

In *United States v. Oudovenko*, Case No. 00CR1014, 2001 WL 253027 (E.D.N.Y. Mar. 7, 2001), the court denied the defendant's motion to take depositions in Russia, where the Government would not be permitted to ask questions and no realistic perjury penalty would attach. *Id.* at *3-4. That situation has absolutely no bearing on the one here, where a Rule 15 deposition in the United States, driving distance away, would properly and adequately protect the rights of all parties, including the defendants' confrontation rights.

**C.   CONCLUSION**

Rule 15 exists for exactly the reason presented in this case: to preserve the testimony of a material witness who is likely to be unavailable at trial.  The Court should follow the Rule and governing Third Circuit law and authorize the deposition.

Respectfully submitted,

ALINA HABBA
United States Attorney

*/s/ Elisa T. Wiygul*
By:   DANIEL A. FRIEDMAN
ELISA T. WIYGUL
Assistant United States Attorneys

Dated:  June 2, 2025

**CERTIFICATE OF SERVICE**

The undersigned certifies that, on this day I caused to be served, via the Court's Electronic Filing System ("ECF"), a copy of the Reply In Support of Motion By the United States to Take Deposition Under Federal Rule of Criminal Procedure 15.

    Respectfully submitted,

    ALINA HABBA
    United States Attorney

    */s/ Elisa T. Wiygul*
    ELISA T. WIYGUL
    Assistant United States Attorney

Date: June 2, 2025