

**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

*ALINA HABBA*                                                                    *401 Market Street, Fourth Floor*
*Acting United States Attorney*                                          *Camden, New Jersey 08101-2098*

*DANIEL A. FRIEDMAN*                                                      *Direct Dial: 856.968.4867*
*Assistant United States Attorney*                                    *Email:  Daniel.friedman2@usdoj.gov*

July 30, 2025

**Via ECF**

Hon. Edward S. Kiel
United States District Judge
District of New Jersey
Mitchell H. Cohen Courthouse
One John F. Gerry Plaza
Camden, New Jersey 08101

>          Re:     *United States v. Spitzer, et al.*, **Crim. No. 24-528 (ESK)**

Dear Judge Kiel:

Please accept this letter brief in opposition to defendant Arthur Spitzer's motion to remove the pretrial release condition of GPS location monitoring.  The location monitoring condition remains necessary to mitigate a substantial risk of flight, and Spitzer's reason for seeking removal of the condition—his wish to go swimming—is not a compelling reason for removal.

>      **I.          Background.**

In August 2024, the grand jury returned an Indictment charging Spitzer with 26 felony counts: 1 count of bank and wire fraud conspiracy; 1 count of bank fraud; 8 counts of wire fraud; 2 counts of aggravated identity theft; 1 count of making a false statement to a financial institution; and 13 counts of money laundering.  ECF No. 1.  The Indictment alleges that over the course of two years, Spitzer orchestrated a scheme to defraud property owners and mortgage lenders by obtaining mortgage loans for real estate properties that he did not own.  *Id.*  He obtained more than $20,000,000 in mortgage loans by using fraudulent documents purporting to show that he had the authority to apply for mortgage loans.  *Id.*  He took the money then caused the mortgage loans to default, leaving the true property owners subject to foreclosure and eviction.  *Id.*  During the same time period, Spitzer also fraudulently obtained millions of dollars of COVID-19 small business relief loans by submitting applications that contained false statements.  *Id.*

On August 26, 2024, Spitzer was arrested at the United States – Canada border.  Spitzer had in his possession an identification document bearing his photograph that was ostensibly issued

by the Mexican government.  Exhibit A.  At his initial appearance in the Western District of New York, a magistrate judge imposed a number of conditions of release, including home incarceration with location monitoring.  Before his arraignment in the District of New Jersey, Pretrial Services recommended removing the location monitoring condition.  At the arraignment, notwithstanding Pretrial Services' recommendation to remove location monitoring, this Court imposed the condition of stand alone monitoring – *i.e.*, Spitzer is not subject to home confinement or detention, but he is subject to GPS monitoring to ensure that he does not travel to areas not permitted or to any airports, ports, or restricted areas.  ECF Nos. 9, 12.  This Court also imposed a requirement of a $250,000 bond secured by property owned by a family member.  ECF Nos. 12, 22.

In September 2024, Spitzer requested that the location monitoring condition be suspended for several multi-day periods in October 2024, including one 11-day period, because Jewish holidays would make it difficult for him to charge the monitor's battery.  ECF No. 26.  During a subsequent teleconference, this Court stated that the location monitoring condition was important and signaled that it would deny Spitzer's modification request, at which point Spitzer withdrew his motion.  ECF No. 28.

On several occasions, without the objection of the Government, this Court has granted Spitzer permission to travel out of the district for family and holiday events.  ECF Nos. 39, 40, 41, 42, 43, 44, 47, 49, 67, 68.

## II.    Applicable Law.

The Bail Reform Act directs courts to order the release, pending trial, on personal recognizance, of a person charged with an offense unless the court determines that "such release will not reasonably assure the appearance of the person as required or endanger the safety of any other person or the community."  18 U.S.C. § 3142(b).  If the court does make such a determination, the court may impose conditions of release which must be "the least restrictive further condition, or combination of conditions" to meet those ends.  18 U.S.C. § 3142(c).

## III.   The Current Conditions Are the Least Restrictive Conditions Required to Ensure the Defendant's Appearance.

The current conditions, including the location monitoring condition, are the least restrictive conditions required to mitigate a substantial risk of flight.  At Spitzer's arraignment, and again when he sought to temporarily suspend the use of GPS monitoring, this Court properly determined that the location monitoring condition was necessary to ensure his appearance.  The risk that Spitzer will flee and not appear for court proceedings is substantial.  He has been charged with 26 serious felonies, which together carry the possibility of more than 100 years in prison.  The evidence against him, as set forth in a detailed 54-page indictment, is strong.  *See* 18 U.S.C. § 3142(g)(2) (a court shall consider the weight of the evidence against a defendant when determining whether there are conditions of release that can reasonably assure his appearance).  Importantly, the charges involve dishonesty, alleging a massive fraud scheme, identity theft, and forgery of documents.  *See* Indictment, ECF No. 1.  Spitzer repeatedly pretended to own properties that he

did not own and used fake documents, often involving the forged signatures of the property owners, to obtain mortgage loans secured by those properties.

Spitzer has a history of accessing large sums of money, which would facilitate his flight. The Indictment details how he obtained multiple personal and mortgage loans totaling approximately $20 million, and how he engaged in many transactions, each involving hundreds of thousands of dollars, involving his bank accounts.

Spitzer also has strong ties to a foreign country. He told Pretrial Services that he previously lived in England for four years and has friends in England. He has taken multiple trips in recent years to England and to other European countries.

Another significant contribution to a risk of flight is Spitzer's possession of a purported Mexican identification document when he was arrested. Exhibit A. While no determination has been made regarding the authenticity of the document, there is no apparent basis for Spitzer legitimately obtaining and carrying a foreign identification document. His travel history includes no travel to Mexico, and specifically no travel to Mexico during or near the purported issue date of the identification, in November 2022.

The Court properly considered all of these facts when it imposed the location monitoring condition less than one year ago, and when it reaffirmed the necessity of the condition in October 2024. The necessity of location monitoring to assure Spitzer's appearance for court proceedings has not diminished since then.

**IV.    Spitzer's Desire to Engage in His "Preferred Form of Exercise" Is Not a Compelling Reason to Modify His Conditions Of Release.**

The reason offered by Spitzer for removing location monitoring is that he wishes to exercise by swimming in his backyard pool, but he cannot submerge his ankle monitor in water. Spitzer's desire to swim in his pool does not warrant removal of a critical instrument that helps assure he does not flee. Spitzer's argument for removing his ankle monitor proceeds in three steps: (1) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮; (2) his preferred form of exercise is swimming; and (3) he cannot swim with the ankle monitor because it cannot be submerged in water. The Court can credit the exercise recommendation without modifying the location monitoring condition. Swimming is not the only form of exercise available to Spitzer. He can exercise in a myriad of other ways, none of which require removal of his ankle monitor. Spitzer asserts that he is physically limited from engaging in certain forms of exercise due to a car accident, but does not submit any medical records or any letter from a physician who has physically examined him or assessed any physical limitations. Even if he is physically limited from engaging in certain forms of exercise, there are many ways to exercise in a low impact manner other than swimming, such as bicycling, elliptical training, walking, rowing, and yoga. Notably, his "preferred" form of exercise is the only one that would require removal of his ankle monitor.

## V.    The Other Conditions of Release Do Not Adequately Mitigate the Risk of Flight.

Spitzer's argument that the other conditions of release are sufficient to reasonably assure his appearance are not persuasive.

*First*, Spitzer contends that the $250,000 bond secured by a property owned by his aunt and uncle mitigates the risk of flight. He asserts that there was no secured bond when the magistrate judge in Buffalo, NY initially imposed location monitoring, but fails to mention that this Court continued location monitoring at his arraignment, overruling his argument and a recommendation from Pretrial Services that location monitoring could be removed after the bond was secured. Further, Spitzer's track record, including the offenses he is charged with committing in this very case, show that whatever moral suasion conferred by property secured by relatives in other cases, Spitzer is not likely to be deterred by the possibility that a family member will be compelled to forfeit their property. The victim of Count 2 of the Indictment is Spitzer's own great uncle (his grandmother's brother). Spitzer caused his great uncle to transfer the deed to his apartment to Spitzer under false pretenses, then Spitzer applied for and obtained a $997,500 mortgage loan secured by his great uncle's property. Spitzer then caused the loan to default by not making the required payments, risking his great uncle's eviction. Spitzer has demonstrated the capacity to cause great harm to his relatives. The possibility that his actions would harm other relatives is not a sufficient deterrent to flight.

*Second*, Spitzer argues that he would never seek to flee by himself and leave his wife and children behind. But nothing prevents his family from joining him. His family members have not surrendered their passports and are subject to no travel restrictions.

*Third*, Spitzer asserts that he has been compliant with his conditions of release, he has not traveled to an airport or other prohibited place, and has retained counsel who are actively defending him in this matter. Such conduct is expected of all pretrial releasees and is not a reason to modify carefully tailored conditions of release. It is fair to conclude that Spitzer's compliance is a result of the conditions, not evidence that the location monitoring condition is unnecessary. The argument that location monitoring is unnecessary because he has not fled "is little more than a suggestion that the Court should toss away its umbrella because it is not getting wet." *United States v. Perkins*, No. 4:22-CR-00246, 2024 WL 1118984, at *1 (M.D. Pa. Mar. 14, 2024) (denying motion to modify release conditions) (citing *Shelby Cnty., Ala. v. Holder*, 570 U.S. 529, 590 (2013) (Ginsburg, J. dissenting)).

## VI.    Conclusion.

The location monitoring condition is part of the least restrictive combination of conditions that reasonably assures Spitzer's appearance at trial, and to serve what is likely to be a lengthy prison sentence if convicted. Circumstances have not changed since the Court imposed the condition, and his desire to swim does not warrant modifying his conditions of release. The Court should deny his motion.

Respectfully submitted,

ALINA HABBA
Acting United States Attorney


*/s/ Daniel A. Friedman*
By: DANIEL A. FRIEDMAN
ELISA T. WIYGUL
Assistant U.S. Attorneys