**U.S. Department of Justice**
*United States Attorney's Office*
*District of New Jersey*

401 Market Street, 4th Floor
Camden, New Jersey 08101-2098

July 31, 2026

Henry E. Mazurek, Esq.
Jason I. Ser, Esq.
Meister Seelig & Schuster PLLC
125 Park Avenue, 7th Floor
New York, NY 10017

**Re: Plea Agreement with Arthur Spitzer**
Criminal No. 24-528 (ESK)

Dear Counsel:

This letter sets forth the plea agreement between your client, Arthur Spitzer, and the United States Attorney's Office for the District of New Jersey (the "Office"). This offer will expire on **July 31, 2026**, if it is not accepted in writing by that date. If Arthur Spitzer does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

## Charges

Conditioned on the understandings specified below, the Office will accept a guilty plea from Arthur Spitzer to Counts 6 (bank and wire fraud conspiracy) and 22 (money laundering) of the Indictment in Criminal No. 24-528 (ESK). If Arthur Spitzer enters a guilty plea and is sentenced on these charges, and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against Arthur Spitzer for criminal activity in connection with fraudulent mortgage loans during 2019 and 2020, as charged in Counts 1 through 11 of the Indictment; for his role in applying for or receiving proceeds from the fraudulent Economic Injury Disaster Loans (EIDLs) set forth in Schedule B; or for laundering or spending the proceeds from loans obtained as a result of the aforementioned fraudulent conduct.

In exchange for and as a condition of the above promises by this Office, Arthur Spitzer agrees that, for the purposes of sentencing and calculation of the loss amounts, (1) the transactions charged in Counts 1 through 5 and Counts 7 through 11 will be treated as part of the offense of conviction in Count 6 or relevant conduct pursuant to U.S.S.G. § 1B1.2 or U.S.S.G. § 1B1.3 (collectively, the "Mortgage Fraud Counts"); and (2) the EIDL loans set forth in Schedule B will be treated as part of the offense of conviction in Count 22 or relevant conduct pursuant to U.S.S.G. § 1B1.2 or U.S.S.G. § 1B1.3 (collectively, the "EIDL Fraud Counts").

In addition, if Arthur Spitzer fully complies with all of the terms of this agreement, at the time of sentencing in this matter, this Office will move to dismiss Counts 1 through 5, 7 through 21, and 23 through 26 of the Indictment in Criminal No. 24-528 (ESK) against him.

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against Arthur Spitzer even if the applicable statute of limitations period for those charges expires after Arthur Spitzer signs this agreement, and Arthur Spitzer agrees not to assert that any such charges are time-barred.

## Sentencing

### Count 6

The violation of 18 U.S.C. § 1349 (Wire and Bank Fraud Conspiracy) to which Arthur Spitzer agrees to plead guilty carries a statutory maximum prison sentence of 30 years and a statutory maximum fine equal to the greatest of: (1) $1,000,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

### Count 22

The violation of 18 U.S.C. § 1957(a) (Money Laundering by Transacting in Criminal Proceeds) to which Arthur Spitzer agrees to plead guilty carries a statutory maximum prison sentence of 10 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense; or (4) twice the amount of the criminally derived property involved in the transaction.

**<u>All Counts</u>**

The prison sentences on Count 6 and 22 may run consecutively to each other and consecutively to any prison sentence Arthur Spitzer is serving or is ordered to serve.

The sentence to be imposed upon Arthur Spitzer is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Arthur Spitzer ultimately will receive.

Further, in addition to imposing any other penalty on Arthur Spitzer, the sentencing judge as part of the sentence:

(1) will order Arthur Spitzer to pay assessments of $100 per count, for a total of $200, pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) must order Arthur Spitzer to pay restitution pursuant to 18 U.S.C. § 3663 *et seq*.;

(3) may order Arthur Spitzer, pursuant to 18 U.S.C. § 3555, to give reasonable notice and explanation of the conviction to any victims of his offenses;

(4) must order forfeiture, pursuant to 18 U.S.C. §§ 981(a)(1)(A), 981(a)(1)(C), 982(a)(1), and 982(a)(2)(A), and 28 U.S.C. § 2461;

(5) pursuant to 18 U.S.C. § 3583, may require Arthur Spitzer to serve a term of supervised release of not more than 5 years on Count 6 and not more than 3 years on Count 22, which will begin at the expiration of any term of imprisonment imposed. Should Arthur Spitzer be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Arthur Spitzer may be sentenced to not more than 3 years' imprisonment on Count 6 and not more than 2 years' imprisonment on Count 22, which could be consecutive, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth

above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

## Restitution

Pursuant to the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, Arthur Spitzer agrees to pay full restitution to the victims of the offenses of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying those offenses and all relevant conduct, in an amount that fully compensates the victims for the losses sustained as a result of those offenses and relevant conduct. Arthur Spitzer agrees that the restitution for Count 6 includes $1,000,000, which is the net amount that entities associated with the true owner of the Malcolm X Properties paid as part of a civil settlement in order to regain clear title to the Malcolm X Properties.

As part of his restitution obligations, Arthur Spitzer further agrees to make full restitution for all losses—including the full loan amount and all advances, origination fees, processing fees, and accrued interest—associated with the EIDL loans listed on Schedule B, subject to any applicable credits for amounts already repaid to the victim.

## Forfeiture

As part of his acceptance of responsibility, Arthur Spitzer agrees to forfeit to the United States, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(2)(A), any property, real or personal, constituting, or derived from, proceeds he obtained directly or indirectly as a result of the commission of the offense charged in Count 6 of the Indictment, and, pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 982(a)(1), any property, real or personal, involved in the offense charged in Count 22 of the Indictment, or any property traceable to such property.

Arthur Spitzer further agrees that the value of such property was $2,250,000 as to Count 6 and $100,000 as to Count 22, for a total of $2,350,000; that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; and that the United States is therefore entitled to forfeit substitute assets equal to the value of the proceeds obtained or transacted by Arthur Spitzer, in an amount not to exceed $2,350,000 (the "Forfeiture Amount"). Arthur Spitzer consents to the entry of an order requiring the defendant to pay the Forfeiture Amount, in the manner described below (the "Order"), and that the Order will be final as to the defendant prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets. Arthur Spitzer further agrees that upon entry of the Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the

Forfeiture Amount in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas, and Arthur Spitzer agrees to cooperate with this discovery.

All payments made in full or partial satisfaction of the Forfeiture Amount shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating Arthur Spitzer's name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102.

Arthur Spitzer waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Arthur Spitzer understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. Arthur Spitzer waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. It is further understood that any forfeiture of Arthur Spitzer's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

Arthur Spitzer further understands that this Office may require Arthur Spitzer to complete a Financial Disclosure Statement. Arthur Spitzer agrees that if this Office requests one, Arthur Spitzer is required to accurately complete it within 14 days of this Office's request. If this Office requests one but Arthur Spitzer fails to timely provide a complete and accurate Financial Disclosure Statement, or if this Office determines that Arthur Spitzer has intentionally failed to disclose assets on the Financial Disclosure Statement, that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

## Rights of The Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves the right to take any position with respect to the appropriate sentence to be imposed on Arthur Spitzer by the sentencing judge. This Office may also correct any misstatements

relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Arthur Spitzer's activities and relevant conduct with respect to this case.

## Stipulations

This Office and Arthur Spitzer will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and Arthur Spitzer waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

## Immigration Consequences

Arthur Spitzer understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in him being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Arthur Spitzer understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Arthur Spitzer wants and

agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Arthur Spitzer understands that he is bound by this guilty plea regardless of any immigration consequences. Accordingly, Arthur Spitzer waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Arthur Spitzer also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Arthur Spitzer. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude Arthur Spitzer from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

[CONTINUED ON NEXT PAGE]

**No Other Promises**

This agreement constitutes the entire plea agreement between Arthur Spitzer and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

ROBERT FRAZER
United States Attorney

By: ELISA T. WIYGUL
Assistant United States Attorney

APPROVED:

JASON M. RICHARDSON
Attorney-In-Charge, Camden

I have received this letter from my attorneys, Henry Mazurek, Esq. and Jason Ser, Esq. I have read it. My attorneys and I have reviewed and discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedules A and B), waiver, forfeiture, restitution, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

ARTHUR SPITZER Date: 7-31-26

I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedules A and B), waiver, forfeiture, restitution, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

HENRY MAZUREK, Esq. Date: 7-31-26
Counsel to Defendant Arthur Spitzer

JASON SER, Esq. Date: 7-31-26
Counsel to Defendant Arthur Spitzer

**Plea Agreement with Arthur Spitzer**

**Schedule A**

1. The Office and Arthur Spitzer recognize that the United States Sentencing Guidelines are not binding upon the Court. Each party nevertheless agrees to these stipulations.

Count Six, including relevant conduct (*i.e.*, the Mortgage Fraud Counts)

2. The applicable guideline is U.S.S.G. § 2B1.1. This guideline carries a Base Offense Level of 7 because the statutory maximum prison sentence for the charged offense is 20 years or more.

3. The total loss amount for which Arthur Spitzer is responsible, including relevant conduct, is greater than $5,000,000 but less than $15,000,000.

4. Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(10)(C) applies because the offense involved sophisticated means and the defendant intentionally engaged in or caused the conduct constituting sophisticated means. This Specific Offense Characteristic results in an increase of 2 levels.

5. Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(17)(A) applies because the defendant derived more than $1,000,000 in gross receipts from one or more financial institutions as a result of the offense. This Specific Offense Characteristic results in an increase of 2 levels.

6. The parties do not presently agree as to the applicability of U.S.S.G. § 3A1.1(b). This Office may argue that the defendant knew or should have known that a victim of the offense was a vulnerable victim, pursuant to U.S.S.G. § 3A1.1(b)(1), resulting in an increase of 2 levels. Arthur Spitzer may take the position that this adjustment does not apply. Both parties reserve their right to argue their respective positions at sentencing.

Count 22, including relevant conduct (*i.e.*, the EIDL Fraud Counts)

7. The applicable guideline is U.S.S.G. § 2S1.1.

8. Pursuant to U.S.S.G. § 2S1.1(a)(1), the base offense level is the offense level for the underlying offense from which the laundered funds were derived. The underlying offense from which the laundered funds were derived is the wire fraud charged in Count 20 of the Indictment.

9. Therefore, the base offense level for Count 22 is determined pursuant to U.S.S.G. § 2B1.1. This guideline carries a Base Offense Level of 7 because the statutory maximum prison sentence for the charged offense is 20 years or more.

10. The total loss amount for the underlying offense from which the laundered funds were derived, including relevant conduct and intended loss, is more than $2,000,000 but not more than $5,000,000.

11. Specific Offense Characteristic § 2S1.1(b)(2)(A) applies because the defendant was convicted under 18 U.S.C. § 1957. This Specific Offense Characteristic results in an increase of 1 level.

All Counts

12. As of the date of this letter, Arthur Spitzer has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Arthur Spitzer's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

13. As of the date of this letter, Arthur Spitzer has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the Office to avoid preparing for trial and permitting the Office and the court to allocate their resources efficiently. At sentencing, the Office will move for a further 1-point reduction in Arthur Spitzer's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Arthur Spitzer enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that Arthur Spitzer's acceptance of responsibility has continued through the date of sentencing and Arthur Spitzer therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Arthur Spitzer's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

14. The parties agree that no other provisions of Chapter 2 or Chapter 3 of the United States Sentencing Guidelines apply to this case.

15. If Arthur Spitzer establishes at sentencing that he both has no criminal history points and meets the other criteria in U.S.S.G. § 4C1.1, he will be entitled to a further 2-level reduction in his offense level.

16. If the term of imprisonment does not exceed 97 months, and except as specified in the next paragraph below, Arthur Spitzer will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ,

however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 51 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

17. Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

i. Any proceeding to revoke the term of supervised release;

ii. A motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A); or

iii. An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

## Schedule B – List of EIDL Loans

Actual Loss:

| Business Name | Loan Amount |
|---|---:|
| 1567 56 NY LLC | $150,000.00 |
| 138 Nobility LLC | $150,000.00 |
| 234 N 7 LLC | $9,700.00 |
| 465 Ferry LLC | $37,300.00 |
| 59 Davenport LLC | $39,200.00 |
| Greenville Management LLC | $60,100.00 |
| 294 Fulton LLC | $86,000.00 |
| Greenville Realty LLC | $112,600.00 |
| 1017-1019 South Orange LLC | $126,100.00 |
| ZTS Express Inc | $150,000.00 |
| Bais Yaakov of Ocean County | $150,000.00 |
| DES Partners Group Inc | $150,000.00 |
| 245 South 10 LLC | $150,000.00 |
| 489 15 NJ LLC | $150,000.00 |
| 73-76 Cornelison LLC | $150,000.00 |
| 191 North 13th LLC | $24,400.00 |
| ISM Holdings LLC | $150,000.00 |
| **Total** | **$1,845,400.00** |

Intended Loss:

| Business Name | Requested Loan Amount |
|---|---:|
| 10 PCKG LLC | $110,300.00 |
| 1303 Hickory LLC | $481,200.00 |
| 167 South 11 LLC | $500,000.00 |
| 173 Wegman Realty LLC | $299,800.00 |
| 194 Johnson NJ LLC | $398,200.00 |
| 2370 Forest LLC | $431,800.00 |
| 357 N 7th LLC | $43,800.00 |
| 624 15 LLC | $103,800.00 |
| **Total** | **$2,368,900.00** |