MARKS, O'NEILL, O'BRIEN,
DOHERTY & KELLY, P.C.
www.moodklaw.com

NEW YORK CITY OFFICE
*600 Third Avenue*
*Suite 1501*
*New York, NY 10016*
*(212) 967-0080 Fax: (212) 967-0082*

***Gary L. Koenigsberg***
Member NY & NJ Bars
(856) 406-1306
GKoenigsberg@moodklaw.com

August 21, 2026

**VIA ELECTRONIC CASE FILING**

The Honorable Edward S. Kiel
United States District Court
District of New Jersey
Mitchell H. Cohen Building
United States Courthouse
4th & Cooper Streets
Camden, NJ 08101

**RE** **1567 56th Street, LLC, 1569 56th Street, LLC, and Shlomo Braun v. Arthur Spitzer, et al**
**Court:** United States District Court, Eastern District of New York
**Index No.:** 22-cv-4873

Dear Judge Kiel:

This office represents the defendants, Abraham Teitelbaum, Jehuda Weisz, and Dekel Abstract LLC, in the above-referenced matter, which is currently being litigated in the Eastern District of New York (hereinafter referred to as the "Civil Action"). We write with regard to *United States of America v. Arthur Spitzer, Mendel Deutsh, and Joshua Feldberger*, Crim No. 24-528 (hereinafter referred to as the "Criminal Action"), which we understand to be currently pending before you.

For the reasons explained below, we respectfully request a conference with the Court pursuant to Your Honor's Rules and Preferences and Local Rules of the District of New Jersey so that we may seek relief from the Consent Protective Order, a copy of which is enclosed as **Exhibit A**.

We seek relief from the Protective Order only to the extent that permits our office to obtain a specific video. The video is believed to depict the signing of a deed in or around August 2019, which is crucial to the allegations in the Civil Matter. We have made several attempts to obtain the video directly from sources believed to possess it to no avail. Due to the video's supposed significance to the Civil Matter, we accordingly now seek relief directly from the Court.

**Factual History**

The Civil Matter arises out of alleged RICO conspiracy to effectuate a fraudulent transfer of title to real property in Brooklyn, New York. The Plaintiff – Rabbi Shlomo Braun – alleges that the defendants – Arthur Spitzer, Josh Weinfeld, Isidore Bleier, BSD Realty Holdings Inc., 1567 56 NY LLC, Dekel Abstract LLC, Abraham Teitelbaum, Rosa Funding LLC, and Jehuda Weisz – conspired to transfer title of the property without his knowledge.

Rabbi Braun alleged that our clients, Abraham Teitelbaum, Jehuda Weisz, and Dekel Abstract LLC, aided with the transfer. He claims that Mr. Weisz fraudulently notarized his signature insisting that he never appeared before Mr. Weisz. He further claims that Dekel Abstract and Mr. Teitelbaum did not perform their due diligence to ascertain the basis for transferring the property and that they were involved in the "enterprise" for purposes of his RICO claim. However, our clients maintain that Rabbi Braun did appear and signed the documents that were notarized.

Upon information and belief, the video that we seek to obtain from the Criminal Action p urports to show Rabbi Braun executing the deed. It stands to have a material impact on the Civil Action, a belief that appears to be shared by the presiding Magistrate Judge, the Honorable Clay Kaminsky.

**Efforts to Obtain the Video**

My office has made numerous attempts to obtain the video. To give the parties time to exhaust the possibilities for obtaining the video and complete remaining fact discovery, Judge Kaminsky granted a final extension of the deadline to complete fact discovery until October 16, 2026.

First, our office served a subpoena on Henry Edward Mazurek, Esq. of Meister Seelig & Fein LLP to obtain a video on March 18, 2026, a copy of which is enclosed in **Exhibit B**, at 2-5. Mr. Mazurek represents Aurthur Spitzer in the Criminal Action. However, Jason Sir, who also re presents Mr. Spitzer in the Criminal Action, advised us in a written objection that, while he was i n possession of material responsive to the subpoena, it was subject to the Protective Order. *See***Ex hibit B,** at 6. Therefore, he was unable to disclose it to us. *Id.*

However, ¶7 of the Protective Order allows disclosure upon the Government's written authorization of the same. *See* **Exhibit A**, at 3. Accordingly, our office next contacted the handing Assistant US Attorney, Elisa Wiygul, pursuant to ¶7 of the Protective Order, to request permission for the disclosure of the video, copies of which are enclosed as **Exhibit C**. Nevertheless, the Government refused to authorize disclosure. No reason was given. *See* **Exhibit C**.

We then learned the video may be in the possession of Rabbi Braun's son – Aharon Bruan. We served him with a subpoena requesting the video via personal service on May 21, 2026, a copy of which is enclosed as **Exhibit D**. He did not comply within the requested time period. During a June 17, 2026, tele-conference, Judge Kaminsky directed us to contact an attorney who represented Aahron Braun in another New Jersey action. We thus attempted to contact him but again to no avail.

We were then able to locate an email address for Mr. Braun. We sent several emails to him. *See* **Exhibit D**, at 5-6. Following our final email to him, Mr. Braun called our office. During the call, he argued he did not have the video. At the request of our office, he confirmed the same in writing. *Id.*

In our last attempt to avoid involving this Court, my office attempted to obtain the video from Mr. Spitzer himself by use of another exception to the Protective Order. According to ¶12 of the Protective Order, Mr. Spitzer himself is not restricted from using or disclosing ESI that originally belonged to him. *See* **Exhibit A**, at 4. We again spoke with Mr. Ser of Meister Seelig & Fein LLP, who agreed with our understanding of the language. However, after speaking with his client, Mr. Ser advised us that Mr. Spitzer claimed he was not in possession of the video either.

Having exhausted all other avenues, we now make the instant application to Your Honor to seek relief from the Protective Order.

**Legal Basis for the Instant Request**

We make our request for a conference to seek relief from the Protective Order pursuant to the Local Civil and Criminal Rules of the United States District Court for the District of New Jersey. Specifically, we make the application pursuant to Rule 5.3 and Rule 37.1(a)(1).

Rule 5.3 governs confidentiality orders and restrictions of public access. Under Rule 5.3(b)(3) a Judge may modify these orders at any time. We accordingly request Your Honor modify the protective order to allow disclosure of the video for the limited use in the Civil Action.

The Third Circuit recognizes a common law public right of access as well as the First Amendment right of access. *Mesabi Metallics Co. LLC v. Cleveland-Cliffs, Inc. (In re ESML Holdings Inc.)*, 135 F.4th 80, 93-94 (3d Cir. 2025). Local Civil Rule 5.3(a)(4) codifies the presumption: "[s]ubject to this rule and to statute or other law, all materials and judicial proceedings are matters of public record and shall not be sealed." The accompanying Explanatory Note emphasizes this point, specifically highlighting that, "[t]he right of public access to filed materials and judicial proceedings derives from the First Amendment and federal common law. Consistent with this right, this subparagraph establishes a presumption in favor of public access. L.Civ.R. 5.3(a)(4), Explanatory Note at 14.

Any dispute regarding the confidentiality of discovery materials under a protective order must be brought before a Magistrate Judge pursuant to L.Civ.R. 37.1(a)(1). The explanatory notes of the Rule 5.3 give more context to the procedure for challenging protective orders:

> "Subparagraph (b)(5). This subparagraph contemplates that disputes may arise with regard to the terms of blanket protective orders and the designation of materials under such orders. Should such disputes arise, the parties are directed to the procedure set forth in Local Civil Rule 37.1(a)(1) for the resolution of discovery disputes. […]" L.Civ.R. 5.3, Explanatory Note at 15.

Rule 37.1(a)(1) requires counsel to confer to resolve any discovery dispute, and any such dispute that is not resolved shall be presented by telephone conference call or letter to the Magistrate Judge. Such presentation must precede a formal motion.

Based upon the foregoing, we request a conference with the Court to seek a modification of the Protective Order allowing disclosure of the video for the limited use as evidence in the Civil Action.

Should you have any questions regarding the within, please do not hesitate to contact the undersigned.

Respectfully submitted,

**MARKS, O'NEILL, O'BRIEN,
DOHERTY & KELLY, P.C.**

/s/ Gary L. Koenigsberg

**GARY L. KOENIGSBERG, ESQUIRE**
E: gkoenigsberg.@moodklaw.com

GLK/gdd

Encls.

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ARTHUR SPITZER,<br>MENDEL DEUTSCH, and<br>JOSHUA FELDBERGER | HON. EDWARD S. KIEL<br><br>Crim. No. 24-528 (ESK)<br><br><u>CONSENT PROTECTIVE ORDER</u> |

Upon the application of the United States of America, and upon consent of the defendants, the Court finds and orders as follows:

1. **Disclosure Material.** The Government anticipates disclosing to the defendants documents, objects and information as defined by Rule 16(a)(1)(A)-(F), materials pursuant to 18 U.S.C. § 3500, and potential exculpatory or impeachment material ("Disclosure Material"). The Disclosure Material produced pursuant to a scheduling order determined by the Court, includes material that (i) affects the privacy and confidentiality of individuals; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case. Thus, the entry of a protective order is appropriate.

2. **Facilitation of Discovery.** Entry of this Order permits the Government to expeditiously produce the Disclosure Material without further

litigation or the need for redaction. It also affords the defense prompt access to those materials, in unredacted form, facilitating the preparation of the defense.

3. **Timing and Scope of Disclosures.** Nothing in this Order changes in any way the timing or scope of the Government's discovery disclosure obligations, and those disclosures remain governed by Rule 16, 18 U.S.C. § 3500, and other statutory and constitutional authorities.

4. **Good Cause.** There is good cause for entry of this protective order.

IT IS on this ____ day of September, 2024, ORDERED that:

5. Disclosure Material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as expressly permitted by this Order. Disclosure Material shall be used by the defense solely for purposes of defending this action. The defense shall not disclose any Disclosure Material to any third party except as expressly set forth below.

6. Disclosure Material may be disclosed by the defense only to:

a. Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

b. Prospective witnesses for purposes of defending this action, but counsel shall not permit such individuals to possess or retain Disclosure Materials or duplicate versions; and

c. Any Coordinating Discovery Attorney ("CDA") appointed pursuant to the Criminal Justice Act in this case, and any CDA employees and

vendors the CDA may engage in the course of her duties.

7. The Government may authorize, in writing, disclosure of Disclosure Material beyond that otherwise permitted by this Order without further order of this Court.

8. This Order does not prevent the disclosure of any Disclosure Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. But if a party wishes to submit Disclosure Material to a court in connection with a motion or application for relief, that party shall do so pursuant to the same procedures used for sentencing materials, as outlined in the District of New Jersey's Protocol for Disclosure of Sentencing Materials (available at https://www.njd.uscourts.gov/court-info/local-rules-and-orders. Under those procedures:

a. The Disclosure Material in question must be submitted directly to the court and all counsel of record in the underlying prosecution; absent a court order, no Disclosure Material may be filed on the Court's Case Management/Electronic Case File System ("ECF").
b. The submitting party must file a contemporaneous notice on ECF that Disclosure Materials have been submitted to the Court pursuant to this protective order.
c. Public access to the Disclosure Materials shall be governed by the same procedure set forth in paragraphs two through five of the District of New Jersey's Protocol for Disclosure of Sentencing

Materials.

9. For any Disclosure Material made public, the publishing party must comply with the provisions of Federal Rule of Criminal Procedure 49.1.

10. Counsel may use Disclosure Material at trial, subject to Rule 49.1 and any other applicable law or rules. Disclosure Material introduced as exhibits at a hearing or at trial are no longer subject to the restrictions set forth in this Protective Order.

**Disclosure and Protection Search Warrant ESI Disclosure Material**

11. Certain Disclosure Material may be contained within electronically stored information ("ESI") that the Government has seized, pursuant to search warrants issued during the investigation, from cell phones, devices, storage media, and providers of electronic communications services and remote computer services (including email, cloud storage providers, and other online services).

12. This Order places no restrictions on a defendant's use or disclosure of search warrant ESI that the parties agree originally belonged to a defendant.

**Return or Destruction of Material**

13. Except for Disclosure Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Disclosure Material within 30 days of: (a) the expiration of the period for direct appeal from any verdict in the above-captioned case; (b) the expiration of the period of direct appeal from any order dismissing any of the charges in the above-captioned case; (c) the granting of any motion made on behalf of the Government

dismissing any charges in the above-captioned case; or (d) the issuance of an opinion by an appellate court that terminates the case, whichever date is later. Each defendant is permitted to retain the materials they are identified as owning in paragraph 12.

14. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed Disclosure Material. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what Disclosure Material has been disclosed to which such persons.

15. This Order is binding on all future and successor counsel.

**Retention of Jurisdiction**

16. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

IT IS SO ORDERED this 7th day of ~~September~~ October, 2024:

HON. EDWARD S. KIEL
United States District Judge

Consented to as to form and entry:

Daniel A. Friedman
Assistant U.S. Attorney

Henry Mazurek, Esq.
Jason Ser, Esq.
Counsel for defendant Arthur Spitzer

Todd Blanche

Todd Blanche, Esq.
Emil Bove, Esq.
Counsel for defendant Mendel Deutsch

Zach Intrater, Esq.
Counsel for defendant Joshua Feldberger

# EXHIBIT “B”

MARKS, O'NEILL, O'BRIEN,
DOHERTY & KELLY, P.C.

www.moodklaw.com

NEW YORK CITY OFFICE
*600 Third Avenue*
*Suite 1501*
*New York, NY 10016*
*(212) 967-0080 Fax: (212) 967-0082*

***Gabrielle D'Amato***
Member NY Bar
(646) 454-4896
GDamato@moodklaw.com

April 9, 2026

**VIA ELECTRONIC CASE FILING**

Hon. Clay H. Kaminsky
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**RE 1567 56th Street, LLC, 1569 56th Street, LLC, and Shlomo Braun v. Abraham Teitelbaum**
**Index No.: 22-cv-4873**
**Our File No.: 1803.112080**

Dear Honorable Kaminsky:

This office represents the defendants, Abraham Teitelbaum, Jehuda Weisz, and Dekel Abstract LLC, in the above-referenced matter. As Plaintiff's counsel indicated in his letter, there have been issues with the Subpoena discussed herein. We attach a copy of the Subponea and a copy of the objection we received in advance of the Teleconference scheduled for tomorrow, April 10, 2026.

On March 18, 2026, this office served a subpoena to produce documents, information, or objects on Henry Edward Mazurek, Esq. of Meister Seelig & Fein LLP to obtain a video (the "Subponea"). Mr. Mazurek represents Aurthur Spitzer in the criminal case currently pending against him in the District Court of New Jersey, *United States v. Arthur Spitzer, et al.*, Crim. No. 24-528 (ESK). The video is believed to depict Rabbi Shlomo Bruan involved in the execution of the deed for the real property located at 1576 and 1569 56th Street in Brooklyn, New York, which are the properties involved in the subject litigation. We believe this video will have a material impact on the litigation. Accordingly, it is in the interest of all parties to have access to this video prior to depositions.

On April 9, 2026, Jason Ser, Esq. also of Meister Seelig & Fein LLP served a written objection on our office. Ms. Ser admitted that they were in possession of material responsive to the Subponea, however it is subject to a Protective Order in *United States v. Arthur Spitzer, et al.* Accordingly, it appears they cannot produce the subpoenaed information without an appropriate court order.

Mr. Ser's letter and the Protective Order are enclosed for the Court and parties' review in advance of tomorrow's Conference.

Respectfully submitted,

**MARKS, O'NEILL, O'BRIEN,**
**DOHERTY & KELLY, P.C.**

**GABRIELLE D. D'AMATO**

GDD/nls

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

1567 56TH STREET, LLC et al
*Plaintiff*
v.
ARTHUR SPITZER, et al
*Defendant*

Civil Action No. 22-4873-CV

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Henry Edward Mazurek

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Any and all video footage of or relating to Rabbi Shlomo Braun involved in the execution fo a deed for real property located at 1576 and1569 Street in Brooklyn, New York, in or around August 2019.

| Place: | Date and Time: |
|---|---|
| Via email to gdamato@moodklaw.com and/or 600 Third Avenue, Suite 1501, New York, NY 10016 | 04/17/2026 12:00 pm |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 03/17/2026

*CLERK OF COURT*

OR

*Signature of Clerk or Deputy Clerk* | [signature] *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* JEHUDA WEISZ, DEKEL ABSTRACT LLC, ABRAHAM TEITELBAUM, who issues or requests this subpoena, are:

Gary L. Koenigsberg, Esq., Marks, O'Neill, O'Brien, Doherty & Kelly, P.C.,600 Third Avenue, Suite 1501, New York, New York 10016; (856) 406-1305, gkoenigsberg@moodklaw.com.

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 22-4873-CV

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________

on *(date)* ______________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ______________________

______________________________________________ on *(date)* ______________ ; or

❒ I returned the subpoena unexecuted because: ______________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ______________ .

My fees are $ ______________ for travel and $ ______________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________
*Server's signature*

Wayne Nuessle, President
*Printed name and title*

Gold Investigations, Inc.
P.O. Box 536
Tarrytown, New York 10591; (914) 420-7895
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

----------------------------------------------------------X

1567 56TH STREET, LLC, et al.,
Plaintiffs,

-vs-

ARTHUR SPITZER, et al.,
Defendants.

----------------------------------------------------------X

Civil Action No. 22-4873-CV
**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK )
S.S.
COUNTY OF NEW YORK)

**HECTOR FIGUEROA**, being duly sworn, deposes and says that he is over eighteen years of age, is an agent of Gold Investigations Inc., and is not a party to this action.

That on the 18th day of March, 2026, at approximately the time of 3:15pm, deponent served a true copy of the **SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION** upon **HENRY EDWARD MAZUREK** at Meister Seelig & Fein PLLC, 125 Park Avenue, 7th Floor, Lobby, New York, NY 10017 by personally delivering and leaving the same with **KARLA A. (REFUSED TO GIVE FULL SUR NAME)**, who informed deponent that she holds the position of paralegal with that company and is authorized by appointment to receive service at that address.

**KARLA A. (REFUSED TO GIVE FULL SUR NAME)** is a Hispanic female, approximately 30 years of age, stands approximately 5 feet 10 inches tall, weighs approximately 200 pounds with black hair and brown eyes.

[signature]
**HECTOR FIGUEROA, #2133798**

Sworn to before me this
19th day of March, 2026

[signature]
NOTARY PUBLIC

**JONATHAN RIPPS**
**NOTARY PUBLIC, STATE OF NEW YORK**
**Registration No. 01RI6109718**
**Qualified in New York County**
**Commission Expires May 17, 2028**

#315128

MSS MEISTER SEELIG & SCHUSTER

*Jason I. Ser*
*Partner*
Direct (646) 539-3712
Fax (212) 655-3535
jis@msf-law.com

April 9, 2026

**<u>Via Electronic Mail</u>**
gkoenigsberg@moodklaw.com

Gary L. Koenigsberg, Esq.
Marks, O'Neill, O'Brien, Doherty & Kelly, P.C.
600 Third Avenue, Suite 1501
New York, New York 10016

**Re: March 17, 2026 Subpoena**
***1567 56th Street, LLC, et. al., v Arthur Spitzer, et. al.*, Case No. 22cv4873**

Dear Mr. Koenigsberg,

I write pursuant to our recent telephone call regarding the March 17, 2026 subpoena directed to Henry Mazurek in the Eastern District of New York case *1567 56th Street, LLC, et. al., v Arthur Spitzer, et. al.*, Case No. 22cv4873. The subpoena seeks production of "[a]ny and all video footage of or relating to Rabbi Shlomo Braun involved in the execution of a deed for real property located at 1576 and 1569 Street in Brooklyn, New York, in or around August 2019."

Although we possess material responsive to the subpoena, it was obtained through discovery provided to us by the United States Attorney's Office for the District of New Jersey in connection with our representation of Arthur Spitzer in *United States v. Arthur Spitzer, et. al.*, Case No. 24cr528 (ESK). Our possession and use of that discovery is subject to a Protective Order signed by District Judge Edward Kiel on October 7, 2024 ("Protective Order"). The Protective Order states that "Disclosure Material <u>*shall not*</u> be disclosed by the defendant or defense counsel, including any successor counsel ('the defense') other than as expressly permitted by this Order." Protective Order at ¶ 5 (emphasis added). Given its strict limitations, the Protective Order prohibits us from disclosing the subpoenaed information. I have attached a copy of the Protective Order for your review.

I can be reached at (646) 539-3712 if you have any questions.

Sincerely,

Jason I. Ser
Meister Seelig & Schuster PLLC

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ARTHUR SPITZER,<br>MENDEL DEUTSCH, and<br>JOSHUA FELDBERGER | HON. EDWARD S. KIEL<br><br>Crim. No. 24-528 (ESK)<br><br><u>CONSENT PROTECTIVE ORDER</u> |

Upon the application of the United States of America, and upon consent of the defendants, the Court finds and orders as follows:

1. **Disclosure Material.** The Government anticipates disclosing to the defendants documents, objects and information as defined by Rule 16(a)(1)(A)-(F), materials pursuant to 18 U.S.C. § 3500, and potential exculpatory or impeachment material ("Disclosure Material"). The Disclosure Material produced pursuant to a scheduling order determined by the Court, includes material that (i) affects the privacy and confidentiality of individuals; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case. Thus, the entry of a protective order is appropriate.

2. **Facilitation of Discovery.** Entry of this Order permits the Government to expeditiously produce the Disclosure Material without further

litigation or the need for redaction. It also affords the defense prompt access to those materials, in unredacted form, facilitating the preparation of the defense.

3. **Timing and Scope of Disclosures.** Nothing in this Order changes in any way the timing or scope of the Government's discovery disclosure obligations, and those disclosures remain governed by Rule 16, 18 U.S.C. § 3500, and other statutory and constitutional authorities.

4. **Good Cause.** There is good cause for entry of this protective order.

IT IS on this ____ day of September, 2024, ORDERED that:

5. Disclosure Material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as expressly permitted by this Order. Disclosure Material shall be used by the defense solely for purposes of defending this action. The defense shall not disclose any Disclosure Material to any third party except as expressly set forth below.

6. Disclosure Material may be disclosed by the defense only to:

a. Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

b. Prospective witnesses for purposes of defending this action, but counsel shall not permit such individuals to possess or retain Disclosure Materials or duplicate versions; and

c. Any Coordinating Discovery Attorney ("CDA") appointed pursuant to the Criminal Justice Act in this case, and any CDA employees and

vendors the CDA may engage in the course of her duties.

7. The Government may authorize, in writing, disclosure of Disclosure Material beyond that otherwise permitted by this Order without further order of this Court.

8. This Order does not prevent the disclosure of any Disclosure Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. But if a party wishes to submit Disclosure Material to a court in connection with a motion or application for relief, that party shall do so pursuant to the same procedures used for sentencing materials, as outlined in the District of New Jersey's Protocol for Disclosure of Sentencing Materials (available at https://www.njd.uscourts.gov/court-info/local-rules-and-orders. Under those procedures:

a. The Disclosure Material in question must be submitted directly to the court and all counsel of record in the underlying prosecution; absent a court order, no Disclosure Material may be filed on the Court's Case Management/Electronic Case File System ("ECF").

b. The submitting party must file a contemporaneous notice on ECF that Disclosure Materials have been submitted to the Court pursuant to this protective order.

c. Public access to the Disclosure Materials shall be governed by the same procedure set forth in paragraphs two through five of the District of New Jersey's Protocol for Disclosure of Sentencing

Materials.

9. For any Disclosure Material made public, the publishing party must comply with the provisions of Federal Rule of Criminal Procedure 49.1.

10. Counsel may use Disclosure Material at trial, subject to Rule 49.1 and any other applicable law or rules. Disclosure Material introduced as exhibits at a hearing or at trial are no longer subject to the restrictions set forth in this Protective Order.

**Disclosure and Protection Search Warrant ESI Disclosure Material**

11. Certain Disclosure Material may be contained within electronically stored information ("ESI") that the Government has seized, pursuant to search warrants issued during the investigation, from cell phones, devices, storage media, and providers of electronic communications services and remote computer services (including email, cloud storage providers, and other online services).

12. This Order places no restrictions on a defendant's use or disclosure of search warrant ESI that the parties agree originally belonged to a defendant.

**Return or Destruction of Material**

13. Except for Disclosure Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Disclosure Material within 30 days of: (a) the expiration of the period for direct appeal from any verdict in the above-captioned case; (b) the expiration of the period of direct appeal from any order dismissing any of the charges in the above-captioned case; (c) the granting of any motion made on behalf of the Government

dismissing any charges in the above-captioned case; or (d) the issuance of an opinion by an appellate court that terminates the case, whichever date is later. Each defendant is permitted to retain the materials they are identified as owning in paragraph 12.

14. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed Disclosure Material. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what Disclosure Material has been disclosed to which such persons.

15. This Order is binding on all future and successor counsel.

**Retention of Jurisdiction**

16. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

IT IS SO ORDERED this 7th day of ~~September~~ October, 2024:

HON. EDWARD S. KIEL
United States District Judge

Consented to as to form and entry:

Daniel A. Friedman
Assistant U.S. Attorney

Henry Mazurek, Esq.
Jason Ser, Esq.
Counsel for defendant Arthur Spitzer

Todd Blanche

Todd Blanche, Esq.
Emil Bove, Esq.
Counsel for defendant Mendel Deutsch

Zach Intrater, Esq.
Counsel for defendant Joshua Feldberger

# EXHIBIT "C"

**D'Amato, Gabrielle D.**

| | |
|---|---|
| **From:** | Wiygul, Elisa (USANJ) <Elisa.Wiygul@usdoj.gov> |
| **Sent:** | Wednesday, May 13, 2026 4:42 PM |
| **To:** | D'Amato, Gabrielle D.; Koenigsberg, Gary L. |
| **Cc:** | Ciobanescu, Ana R.; Somsag, Nicole L.; newyorklawyer@msn.com; yoelweisshaus@gmail.com; eschwalb@koffskyschwalb.com; sholomw@bergpllc.com; 4888-1742-9986@mail.vault.netdocuments.com |
| **Subject:** | RE: Civil Action subpoena directed to Henry Mazurek, related to USA v. Spitzer et al. Case No: 24-528 (ESK) |

Good afternoon,

Upon consideration, the Government does not consent to an exception to the protective order in the ongoing criminal case.

Thank you.

Regards,

Elisa T. Wiygul
Assistant United States Attorney
United States Attorney's Office for the District of New Jersey
401 Market Street, 4th Floor
Camden, NJ 08101
Desk: (856) 968-4929
Cell: (862) 754-2206
elisa.wiygul@usdoj.gov

---

**From:** D'Amato, Gabrielle D. <GDamato@moodklaw.com>
**Sent:** Wednesday, May 13, 2026 2:05 PM
**To:** Koenigsberg, Gary L. <GKoenigsberg@moodklaw.com>; Wiygul, Elisa (USANJ) <Elisa.Wiygul@usdoj.gov>
**Cc:** Ciobanescu, Ana R. <ACiobanescu@moodklaw.com>; Somsag, Nicole L. <NSomsag@moodklaw.com>; newyorklawyer@msn.com; yoelweisshaus@gmail.com; eschwalb@koffskyschwalb.com; sholomw@bergpllc.com; 4888-1742-9986@mail.vault.netdocuments.com
**Subject:** [EXTERNAL] RE: Civil Action subpoena directed to Henry Mazurek, related to USA v. Spitzer et al. Case No: 24-528 (ESK)

Good afternoon,

I hope you're well. We are following up on the subpoena. We are meant to provide an update to the Court this Friday, 5/15.

All parties to the civil action are included here for their awareness ahead of the update.

Please advise at your earliest convenience. Thank you!

Best,

Gabrielle

**Gabrielle D. D'Amato**
**Attorney at Law**
**Marks, O'Neill, O'Brien, Doherty & Kelly, P.C.**
**646-454-4896 Direct**
**212-967-0080 Office**
**gdamato@moodklaw.com**

---

**From:** Koenigsberg, Gary L. <GKoenigsberg@moodklaw.com>
**Sent:** Friday, May 8, 2026 12:42 PM
**To:** Wiygul, Elisa (USANJ) <Elisa.Wiygul@usdoj.gov>
**Cc:** Ciobanescu, Ana R. <ACiobanescu@moodklaw.com>; D'Amato, Gabrielle D. <GDamato@moodklaw.com>; Somsag, Nicole L. <NSomsag@moodklaw.com>
**Subject:** RE: Civil Action subpoena directed to Henry Mazurek, related to USA v. Spitzer et al. Case No: 24-528 (ESK)

Hi Elisa. Any update on this issue? We are supposed to provide an update to the Court one week from today.

**Gary L. Koenigsberg**
**Attorney at Law**
**Marks, O'Neill, O'Brien, Doherty & Kelly, P.C.**
**856-406-1305 Direct**
**856-663-4300 Office**
**gkoenigsberg@moodklaw.com**

---

**From:** Koenigsberg, Gary L.
**Sent:** Friday, April 24, 2026 2:37 PM
**To:** 'Wiygul, Elisa (USANJ)' <Elisa.Wiygul@usdoj.gov>
**Cc:** Ciobanescu, Ana R. <ACiobanescu@moodklaw.com>; D'Amato, Gabrielle D. <GDamato@moodklaw.com>; Somsag, Nicole L. <NSomsag@moodklaw.com>
**Subject:** RE: Civil Action subpoena directed to Henry Mazurek, related to USA v. Spitzer et al. Case No: 24-528 (ESK)

Yes, no objection. Thank you Elisa!

**Gary L. Koenigsberg**
**Attorney at Law**
**Marks, O'Neill, O'Brien, Doherty & Kelly, P.C.**

**856-406-1305 Direct**
**856-663-4300 Office**
**gkoenigsberg@moodklaw.com**

MARKS | O'NEILL
O'BRIEN · DOHERTY · KELLY

**From:** Wiygul, Elisa (USANJ) <Elisa.Wiygul@usdoj.gov>
**Sent:** Friday, April 24, 2026 2:00 PM
**To:** Koenigsberg, Gary L. <GKoenigsberg@moodklaw.com>
**Cc:** Ciobanescu, Ana R. <ACiobanescu@moodklaw.com>; D'Amato, Gabrielle D. <GDamato@moodklaw.com>; Somsag, Nicole L. <NSomsag@moodklaw.com>
**Subject:** RE: Civil Action subpoena directed to Henry Mazurek, related to USA v. Spitzer et al. Case No: 24-528 (ESK)

*** External Sender * use caution**

Gary,

Thank you for this information. I will need to look into exactly what materials the Meister Seelig firm has that would be responsive to the subpoena. Am I correct that you have no objection to my sharing your attachment with counsel for Spitzer, anyone else with an interest (e.g., any source from which the Government may have obtained a responsive record), and others within the Government (e.g., FBI)?

Thanks,
Elisa

Elisa T. Wiygul
Assistant United States Attorney
United States Attorney's Office for the District of New Jersey
401 Market Street, 4th Floor
Camden, NJ 08101
Desk: (856) 968-4929
Cell: (862) 754-2206
elisa.wiygul@usdoj.gov

**From:** Koenigsberg, Gary L. <GKoenigsberg@moodklaw.com>
**Sent:** Friday, April 24, 2026 12:32 PM
**To:** Wiygul, Elisa (USANJ) <Elisa.Wiygul@usdoj.gov>
**Cc:** Ciobanescu, Ana R. <ACiobanescu@moodklaw.com>; D'Amato, Gabrielle D. <GDamato@moodklaw.com>; Somsag, Nicole L. <NSomsag@moodklaw.com>
**Subject:** [EXTERNAL] Civil Action subpoena directed to Henry Mazurek, related to USA v. Spitzer et al. Case No: 24-528 (ESK)

Ms. Wiygul, it was a pleasure speaking with you on the phone a few minutes ago. This office represents Defendants, Dekel Title, Abraham Teitelbaum and Jehuda Weisz in a civil action pending in the United States District Court Eastern District of New York (22-cv-4873) related to the criminal action referenced above wherein you are the Assistant US attorney assigned to the case. I attach hereto letter to the Magistrate Judge in the civil matter, copy of a subpoena seeking videotape evidence from defendant Spitzer's counsel and copy of counsel's objections pursuant to Federal Rule of Civil Procedure 45 on the basis of a Consent Protective Order issued by the Presiding Judge in the criminal case. Can you please advise whether the US attorney would consent to Mr. Spitzer's counsel complying with the subpoena and modifying the consent protective order for the purpose of use of the videotape evidence in the pending civil action in the Eastern District of New York? Please advise further at your earliest convenience. Thank you.

**Gary L. Koenigsberg**
**Attorney at Law**
**Marks, O'Neill, O'Brien, Doherty & Kelly, P.C.**
Cherry Tree Corporate Center Suite 501 535 Route 38 East
Cherry Hill, NJ 08002
856-406-1305 Direct | 856-663-4300 Office | 856-663-4439 Fax | gkoenigsberg@moodklaw.com
**Pennsylvania • New Jersey • New York • Delaware • Maryland**

MARKS | O'NEILL
O'BRIEN · DOHERTY · KELLY

This message and any documents accompanying it contain information from the law firm of Marks, O'Neill, O'Brien, Doherty & Kelly, P.C. which may be confidential and/or legally privileged. The information is intended only for the use of the individual or entity named as the original addressee. If you are not the intended recipient, you are hereby notified that any disclosure, forwarding, downloading, printing, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this communication in error, please notify us immediately by reply e-mail or telephone and destroy the original transmission and attachments.

# EXHIBIT "D"

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | | |
|---|---|---|
| 1567 56TH STREET, LLC et al<br>*Plaintiff*<br>v.<br>ARTHUR SPITZER, et al<br>*Defendant* | ) | Civil Action No. 22-4873-CV |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Aharon Braun

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Any and all video footage of or relating to Rabbi Shlomo Braun taken in or around August 2019.

| Place: | Date and Time: |
|---|---|
| Via email to gdamato@moodklaw.com and/or<br>600 Third Avenue, Suite 1501, New York, NY 10016 | 06/14/2026 12:00 pm |

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/15/2026

*CLERK OF COURT*

OR

[signature]

*Signature of Clerk or Deputy Clerk* — *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* JEHUDA WEISZ, DEKEL ABSTRACT LLC, ABRAHAM TEITELBAUM, who issues or requests this subpoena, are:
Gabrielle D. D'Amato, Esq., Marks, O'Neill, O'Brien, Doherty & Kelly, P.C.,600 Third Avenue, Suite 1501, New York, New York 10016; gdamato@moodklaw.com.

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 22-4873-CV

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________

on *(date)* ____________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ______________

______________________________________ on *(date)* ____________ ; or

❒ I returned the subpoena unexecuted because: ______________________________

______________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ____________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

______________________________________
*Server's signature*

Wayne Nuessle, President
*Printed name and title*

Gold Investigations, Inc.
P.O. Box 536
Tarrytown, New York 10591; (914) 420-7895
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISCTRICT COURT
EASTERN DISTRICT OF NEW YORK

Civil Action No. 22-4873-CV

===================================================================X

1567 56TH STREET, LLC, et al. Plaintiffs

*-against-*

ARTHUR SPITZER, et al. Defendants

===================================================================X

# AFFIDAVIT OF SERVICE

Westchester County, New York State: Charles Doria says: Deponent is not a party herein, is over 18 years of age, and resides in the State of New York.

On May 21, 2026 at 9:52 AM at 138 Nobility Court, Toms River, NJ 10507 deponent served the within Subpoena To Produce Documents, Information, Or Objects Or To Permit Inspection Of Premises In A Civil Action:

**AHARON BRAUN**

By means of personal / in hand service. Deponent knew the person so served to be the person mentioned and described herein.

| | | | |
|---|---|---|---|
| Approximate Description: | Race: White | Age: 35-40 | Height: 5'4" |
| | Sex: Male | Hair: Brown | Weight: 200 Lbs |

Sworn to before me on
this 26th Day of May, 2026

==========================
CHARLES DORIA

KIMBERLY ELIZABETH DEAN
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01DE6259521
Qualified in Ulster County
My Commission Expires: 4-16-28

**D'Amato, Gabrielle D.**

**From:** Rebecca Braun <ziporahjewelers@aol.com>
**Sent:** Tuesday, June 30, 2026 12:31 PM
**To:** D'Amato, Gabrielle D.
**Subject:** Re: Subpoena Compliance //1567 56th Street, LLC et al. v. Abraham Teitelbaum et al.// 1:22-cv-04873-KAM-CHK

*** External Sender * use caution**

I have no video and I have no idea what the hell you want from my life. Please leave me alone.

On Jun 30, 2026, at 11:44 AM, D'Amato, Gabrielle D. <GDamato@moodklaw.com> wrote:

Good afternoon,

This is our final attempt to obtain your compliance regarding the attached subpoena. Should you fail to respond by close of business tomorrow, July 1, we will be filing a motion to compel your response on July 2.

Best,

**Gabrielle D. D'Amato**
**Attorney at Law**
**Marks, O'Neill, O'Brien, Doherty & Kelly, P.C.**
**646-454-4896 Direct**
**212-967-0080 Office**
**gdamato@moodklaw.com**

**<image001.png>**

**From:** D'Amato, Gabrielle D.
**Sent:** Thursday, June 25, 2026 9:48 AM
**To:** 'ziporahjewelers@aol.com' <ziporahjewelers@aol.com>
**Cc:** Koenigsberg, Gary L. <GKoenigsberg@moodklaw.com>; Somsag, Nicole L. <NSomsag@moodklaw.com>
**Subject:** Subponea Compliance //1567 56th Street, LLC et al. v. Abraham Teitelbaum et al.// 1:22-cv-04873-KAM-CHK

Good morning,

I'm reaching out to follow up on our previous message. If we do not receive a response, we will be moving to compel your response at the direction of the Court by the end of next week. Failure to comply risks monetary sanctions and being held in contempt of court.

Please be guided accordingly.

Best,

**Gabrielle D. D'Amato**
**Attorney at Law**
**Marks, O'Neill, O'Brien, Doherty & Kelly, P.C.**
**646-454-4896 Direct**
**212-967-0080 Office**
**gdamato@moodklaw.com**

**<image001.png>**

---

**From:** D'Amato, Gabrielle D.
**Sent:** Tuesday, June 23, 2026 11:48 AM
**To:** 'ziporahjewelers@aol.com' <ziporahjewelers@aol.com>
**Cc:** Koenigsberg, Gary L. <GKoenigsberg@moodklaw.com>
**Subject:** Subponea Compliance //1567 56th Street, LLC et al. v. Abraham Teitelbaum et al.// 1:22-cv-04873-KAM-CHK

Hello,

I hope you are well. By way of introduction, my name is Gabrielle D'Amato. My office represents the defendants, Abraham Teitelbaum, Jehuda Weisz, and Dekel Abstract LLC, in the above-referenced matter. We are attempting to obtain Mr. Aahron Bruan's compliance with a subpoena we served him with regard to the above-referenced action, attached. For clarity, Mr. Braun is not party to the above-referenced action.

Please advise when we can expect Mr. Braun's compliance so that we may avoid unnecessary motion practice.

Thank you.

Warm regards,

**Gabrielle D. D'Amato**
**Attorney at Law**
**Marks, O'Neill, O'Brien, Doherty & Kelly, P.C.**
600 Third Avenue Suite 1501
New York, NY 10016
646-454-4896 Direct | 212-967-0080 Office | 212-967-0082 Fax | **gdamato@moodklaw.com**
**Pennsylvania • New Jersey • New York • Delaware • Maryland**

**<image001.png>**

This message and any documents accompanying it contain information from the law firm of Marks, O'Neill, O'Brien, Doherty & Kelly, P.C. which may be confidential and/or legally privileged. The information is intended only for the use of the individual or entity named as the original addressee. If you are not the intended recipient, you are hereby notified that any disclosure, forwarding, downloading, printing, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this communication in error, please notify us immediately by reply e-mail or telephone and destroy the original transmission and attachments.

<Aharon Braun - Affidavit of Service 4914-7415-5186.1.pdf>
<DSC - Subpoena to A. Braun 4922-3631-5308.1 4926-9025-3740.1.pdf>